Case No. 23-2108

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

**UNITED STATES OF AMERICA,**

Plaintiff-Appellee,

Vs.

**BRUCE SANFORD,**

Defendant-Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF IOWA
Honorable C.J. Williams, Judge
(District Court No. 6:22-cr-02019-CJW-2)

**APPELLANT BRUCE SANFORD'S
BRIEF AND ARGUMENT**

Jennifer Frese
Jennifer Frese Law
309 West Main Street
Marshalltown, Iowa 50158
Phone: 641-328-5234
ATTORNEY FOR APPELLANT
BRUCE SANFORD

# SUMMARY OF CASE AND REQUEST FOR ORAL ARGUMENT

Defendant/Appellant Bruce Sanford, appeals the denial of his Motion to Suppress. Bruce Sanford was the driver of a vehicle that was lawfully parked when police officer conducted a seizure. A reasonable person in Sanford's position would not have felt free to leave. Sanford's Fourth Amendment rights were violated because he was seized without probable cause or reasonable suspicion. Appellant does not request oral argument.

i

Appellate Case: 23-2108     Page: 2     Date Filed: 08/21/2023 Entry ID: 5308298

# **TABLE OF CONTENTS PAGE**

PAGE

SUMMARY OF CASE AND REQUEST FOR ORAL ARGUMENT ................i

TABLE OF CONTENTS ................................................................................ii

TABLE OF AUTHORITIES .........................................................................iii

JURISDICTIONAL STATEMENT ................................................................1

STATEMENT OF THE ISSUE PRESENTED FOR REVIEW ......................2

STATEMENT OF THE CASE .......................................................................3

SUMMARY OF THE ARGUMENT ..............................................................7

ARGUMENT ............................................................................................7-13

CONCLUSION AND REQUESTED RELIEF .............................................13

CERTIFICATE OF FILING AND SERVICE ..............................................14

CERTIFICATION OF COMPLIANCE ....................................................... 14

# TABLE OF AUTHORITIES

**CASES:** **PAGE**

Baude v. Leyshock, 23 F.4th 1065 (8th Cir. 2022) ...................................2, 8

Brower v. Cnty. of Inyo, 489 U.S. 593 (1989) ...................................... 2, 8 - 9

Commonwealth v. King, 449 N.E.2d 1217 (Mass. 1983) .............................. 9

People v. Beverly, 845 N.E.2d 962 (2006)...................................................8-9

Torres v. Madrid, ____ U.S. ____, 141 S.Ct. 989 (2021) ..........................10-11

United States v. Green, 111 F.3d 515 (7th Cir. 1997)...................................... 8

United States v. Jones, 678 F.3d 293 (4th Cir. 2012)............................... 2, 8

United States v. Taylor, 519 F.3d 832 (8th Cir. 2008) ................................. 8

**STATUTES AND OTHER AUTHORITIES:**

    U.S. Const. amend. IV ................................................................... 2, 10

    18 U.S.C. § 922(g)(1) ........................................................................ 3

    18 U.S.C. § 924(a)(2) ........................................................................ 3

    18 U.S.C. § 3231 ............................................................................... 1

    18 U.S.C. § 3742(a)(1) & (2) ............................................................ 1

    28 U.S.C. § 1291 ............................................................................... 1

    Fed. R. App. P. 4(b) .......................................................................... 1

Appellate Case: 23-2108    Page: 4    Date Filed: 08/21/2023 Entry ID: 5308298

# JURISDICTIONAL STATEMENT

**The decisions appealed:**

Bruce Terrell Sanford, appeals from the District Court's Judgment, filed May 1, 2023 (R. Doc. 158).

**Jurisdiction of the Court below:**

The United States District Court had jurisdiction pursuant to 18 U.S.C. § 3231.

**Jurisdiction of this Court:**

This Court has jurisdiction of this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1) & (2).

**Filing of appeal:**

Mr. Sanford filed a timely Notice of Appeal on May 3, 2023 (R. Doc. 164). The Notice of Appeal was timely filed pursuant to Federal Rule of Appellate Procedure 4(b).

# STATEMENT OF THE ISSUE PRESENTED FOR REVIEW

I. **WHETHER SANFORD WAS SEIZED WITHIN THE MEANING OF THE FOURTH AMENDMENT WHEN TWO POLICE OFFICERS PARKED IN FRONT OF HIM?**

*Baude v. Leyshock*, 23 F.4th 1065 (8th Cir. 2022)

*Brower v. Cnty. of Inyo*, 489 U.S. 593 (1989)

*United States v. Jones*, 678 F.3d 293 (4th Cir. 2012)

U.S. Const. amend. IV

Appellate Case: 23-2108    Page: 6    Date Filed: 08/21/2023 Entry ID: 5308298

# STATEMENT OF THE CASE

## Nature of the case:

This is an appeal from the 70-month sentence. Sanford appeals the denial of his Motion to Suppress.

## Course of proceedings:

Sanford was charged, in a Superseding Indictment filed May 18, 2022, with Possession of a Firearm by a Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (R. Doc. 31). He entered a conditional plea of guilty on December 15, 2022. (R. Doc. 88 – Minutes; R. Doc. – Report and Recommendation; R. Doc. 90– Order Accepting Plea). The conditional plea preserved his right to appeal the denial of his Motion to Suppress. (R. Doc. 89 – Plea Agreement at ¶ 1).

## Disposition in the District Court:

Sanford was sentenced to 70 months of imprisonment and a three-year term of supervised release. (R. Doc. 155 – Judgment).

No sentencing issues are raised in this appeal.

## Background

Sanford is charged with a co-defendant, Houston Simmons ("Simmons"). Simmons filed a Motion to Suppress on May 20, 2022. (R.

Doc. 35). The Government filed a Resistance on May 27, 2022 (R. Doc. 38), and Simmons filed a Reply on June 1, 2022. (R. Doc. 40).

A hearing before a Magistrate Judge was held on June 10, 2022. (R. Doc. 43 – Minutes). The Magistrate Judge issued a Report and Recommendation recommending denial of the Motion to Suppress on June 27, 2022. (R. Doc. 45). Simmons filed objections on July 11, 2022. (R. Doc. 46). The District Court entered its Order overruling Simmons' objections, accepting the Report and Recommendation, and denying the Motion to Suppress on August 15, 2022. (R. Doc. 48).

Sanford did not have an Initial Appearance until October 5, 2022. (R. Doc. 58). Sanford filed a Motion to Suppress relying the record made at Simmons' hearing conducted on June 10, 2022. (R. Doc. 77). The Magistrate Judge issued a Report and Recommendation recommending denial of the Motion to Suppress on November 22, 2022 (R. Doc. 84). The District Court entered its Order overruling Simmons' objections, accepting the Report and Recommendation, and denying the Motion to Suppress. (R. Doc. 101).

On September 5, 2021, Officer Ehlers was assigned to work near Flirts Gentleman's Club in Waterloo, Iowa. (R. Doc. 35-3 - Ex. A – A. Ehlers Report). She was notified by the bar owner regarding a car parked outside

4

Appellate Case: 23-2108     Page: 8     Date Filed: 08/21/2023 Entry ID: 5308298

the Club in which the occupants were "drinking alcohol and smoking marijuana."

Officer Ehlers observed two males sitting in a blue Kia Optima outside the Club. (R. Doc. 35-3 - Ex. A – A. Ehlers Report). She approached the vehicle and could smell marijuana. Sergeant Spencer Gann of the Waterloo Police Department arrived at approximately the same time as Officer Ehlers. (R. Doc. 35-4 - Ex. B – Gann Report). Sergeant Gann also smelled marijuana coming from the vehicle. The in-car videos offered at Simmons' Suppression hearing show that the police vehicles completely boxed in the blue Kia Optima before the officers approached the vehicle on foot. (Dist. Clerk Drive - Ex. D – A. Ehlers in-car video; Dist. Clerk Drive - Ex. E – S. Gann in-car video). Sanford was legally parked with another vehicle parked ahead. Officers pulled up and blocked the vehicle in so that it would be difficult to drive away without an accident. Both officers were in marked police cars, in uniform, and armed. The officers had their flashing lights on.

Officer Ehlers asked Sanford to step out of the car and asked if there was weed in the car. (R. Doc. 35-3 - Ex. A – A. Ehlers Report). Officer Ehlers stated that she would be searching the vehicle and Mr. Sanford reportedly responded, "search it, I don't care, it's not my vehicle." Officer

5

Ehlers searched Sanford. Officer Ehlers then instructed Sanford to stand with Simmons and Sergeant Gann as Officer Ehlers searched the vehicle.

In the meantime, Sergeant Gann had observed Simmons reach over to the driver's side door panel and then put a wad of money into his pocket. (R. Doc. 35-4, Ex. B – Gann Report). He directed Simmons to step out of the vehicle. He patted down Simmons and felt the money in his pocket and some cell phones.

Officer Ehlers opened the driver's side door and observed a bag in the side panel. (R. Doc. 35-3 - Ex. A – A. Ehlers Report). Officer A. Ehlers also located a black and white Nike fanny pack type bag with a large amount of US currency ($6,398.00) and Simmons' wallet. Officer Ehlers opened the passenger side door and saw a handgun in the door panel.

Officer Ehlers then continued to search the vehicle, with the assistance of other officers, including Detective J. Ehlers. (R. Doc. 35-3 - Ex. A – A. Ehlers Report). She was advised that the baggie found in the driver's side door contained marijuana. A burnt marijuana roach was also located in the center console area. A vacuum sealer along with unused vacuum seal bags and a vacuum seal bag containing marijuana was found in the trunk. (R. Doc. 35-5 - Ex. C – J. Ehlers Report). Documents were found in the trunk with Simmons' name on them. Three cell phones were

also seized from Simmons. Marijuana was also located in Mr. Sanford's pants pocket. (R. Doc. 35-4 - Ex. B – Gann Report).

## SUMMARY OF THE ARGUMENT

The Fourth Amendment prohibits seizures without probable cause or reasonable suspicion. Sanford was seized when Officers parked blocking them in. The Kia Optima was not free to drive away.

A reasonable person in the position of Sanford could not have felt free to leave when he blocked in by the two squad cars. Sanford was further approached by the two uniformed officers, both equipped with firearms, and flashing lights displayed on at least Officer Ehlers' squad car.

The District Court, for the reasons stated below, should have granted Sanford's Motion to Suppress.

## ARGUMENT

### I. THE EVIDENCE SHOULD HAVE BEEN SUPPRESSED BECAUSE OFFICERS SEIZED THE KIA OPTIMA BY BLOCKING IT IN WITH THEIR SQUAD CARS WITHOUT REASONABLE SUSPICION OR PROBABLE CAUSE

A. <u>Standard of Review and Preservation of Error</u>

When reviewing the denial of a motion to suppress, this Court reviews findings of fact for clear error and conclusions of law de novo. *See United*

*States v. Taylor,* 519 F.3d 832, 833 (8th Cir. 2008). This issue was raised on Sanford's Motion to Suppress (R. Doc. 35) and Objections to the Magistrate Judge's Report and Recommendation (R. Doc. 46). Error was preserved.

### B. The Kia Optima and Sanford Were Seized

When a person is surrounded by officers on all sides, he would reasonably believe that he is no longer free to leave and that he has been seized. *See Brower v. Cnty. of Inyo*, 489 U.S. 593, 599, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989) (holding that setting up roadblocks to stop fleeing suspects is a seizure). *Baude v. Leyshock*, 23 F.4th 1065, 1071 (8th Cir. 2022) ("It is indisputable that Baude was seized when the Officers indiscriminately encircled all individuals in the area, including protestors, observers, business patrons, and residents simply walking by, and the Officers refused to allow anyone to leave voluntarily.").

Courts have held that the occupants of a vehicle are seized when an officer uses their squad car to block the vehicle and prevent the occupants from leaving the scene. See *United States v. Jones*, 678 F.3d 293, 301 (4th Cir. 2012) (seizure when officer used his car to block exit of defendant's vehicle); *United States v. Green*, 111 F.3d 515, 517 (7th Cir. 1997) (seizure when officer blocked car from exiting driveway); *People v. Beverly*, 845

8

N.E.2d 962 (2006) (defendant was seized when uniformed officer positioned marked squad car to block the exit of defendant's vehicle); *Commonwealth v. King*, 449 N.E.2d 1217, 1223 (Mass. 1983) (officer's repositioning of cruiser to block defendant's vehicle in place constituted seizure).

That seizure occurred before Officer Ehlers and Sergeant Gann approached the Kia Optima and smelled marijuana. At the time of the seizure, Officer Ehlers and Sergeant Gann lacked reasonable suspicion or probable cause to believe that any offense had been committed. The Kia Optima was legally parked. Law enforcement had not personally seen any violation of the law, including any smell of marijuana, before the seizure.

Sanford's freedom of movement was restrained by the officers "through means intentionally applied," within the meaning of *Brower v. Cnty. of Inyo*, 489 U.S. 593 (1989). In *Brower*, an action under 42 U.S.C. § 1983, the decedent was killed when the stolen car that he was driving crashed into a roadblock at high speed while the decedent was attempting to elude the police. *See Brower*, 489 U.S. at 594. The issue was whether the police roadblock constituted a seizure and the use of excessive force. *Id.*

A seizure occurs "only when there is a governmental termination of freedom of movement through means intentionally applied." *Id.* at 597

9

(emphasis added). A Fourth Amendment seizure occurs when the "taking of possession" is "the result of the very means (the show of authority) that the government selected." *Id.* at 597-98.

There is nothing in *Brower* which requires proof that Officer Ehlers and Sergeant Gann intended to specifically seize Simmons. It does not matter that the officers did not precisely know which vehicle the Club had called about. It is the "means" of the seizure which must be intentionally applied. Here, the "means" was the manner in which Officer Ehlers and Sergeant Gann parked their squad cars. It is the officers' actions in effectuating a seizure, not their subjective intent, which matters.

The District Court cited to *Torres v. Madrid*, ____ U.S. ____, 141 S.Ct. 989 (2021), incorrectly viewing *Torres* as limiting *Brower*. *Torres* involved the question of whether an officer seizes a person when an officer uses force by shooting someone who then temporarily eludes capture after the shooting. The Court answered in the affirmative, holding that "The application of physical force to the body of a person with intent to restrain is a seizure, even if the force does not succeed in subduing the person." Id. at 994. The Supreme Court extensively discusses the history of when the use of "force" against the person of another constitutes a "seizure."

10

In *Torres*, the Court discusses *Brower* and the "'intentional acquisition of physical control.'" See *Torres*, 141 S.Ct. at 1001. The Court notes that seizure by "force" and seizure by "control" are different types of seizures, subject to different rules. Brower involved a seizure by "control," while Torres involved a seizure by use of "force." Torres does not overrule Brower. Further, there is nothing in Torres which changes how a seizure by "control" is analyzed under Brower. The seizure in this case was a seizure by "control" governed by Brower, not a seizure by "force" governed by Torres. There is no requirement in Brower that the officers subjectively intended to effectuate a seizure. It is enough if they objectively effectuated a seizure by control through "means intentionally applied."

The Government will likely point to language in Brower stating that "if a parked and unoccupied police car slips its brake and pins a passerby against a wall," there would not be a seizure. *See Brower*, 489 U.S. at 596. However, in that situation there is no intentional act by a police officer effectuating the seizure. The detention of the passerby is caused by a mechanical problem with the police car, not by a conscious choice by an officer.

The District Court and the Magistrate Judge concluded that the blue Kia Optima could have backed up, perhaps into the nearby parking lot, and

11

left, and thus, Simmons would have felt free to leave. (R. Doc. 48; R. Doc. 43). That is not correct for two reasons.

First, the blue Kia Optima could not have backed up, particularly due to where Sergeant Gann's squad car was positioned. The videos clearly show this. See Dist. Clerk Drive - Ex. D – Officer Ahlers in-car video; Dist Clerk Drive - Ex. E – Sergeant Gann in-car video. The Kia Optima was legally parked on the street outside of the Club. Another vehicle was parked ahead of the Kia Optima and the sidewalk blocked the Kia Optima's path to the right. Officer Ehlers pulled up on the street next to the Kia Optima and partially blocked it in. Almost immediately thereafter Sergeant Gann pulled up behind the Kia Optima and completely blocked the Kia Optima in. The Kia Optima would not have been able to back up to escape the scene.

Second, a reasonable person in the blue Kia Optima would not have felt free to leave. Two squad cars had just pulled up next to the Optima in quick succession. The lead car had its amber lights on. The most natural route for the Optima to leave, moving left onto the street, was completely blocked by Officer Ehlers' squad car. The presence of the squad cars and their positioning would have led a reasonable person to believe that they could not leave.

12

Additionally, the two officers exited their cars quickly after parking. The officers were in uniform and armed. A reasonable person would not believe they are free to leave.

For the above stated reasons, Sanford weas seized within the meaning of the Fourth Amendment when Officer A. Ehlers and Sergeant Gann parked their marked squad cars in a manner that blocked in the Kia Optima. Sanford Motion to Suppress should have been granted.

## CONCLUSION AND REQUESTED RELIEF

Defendant/Appellant Bruce Terrell Sanford, respectfully requests this Court to reverse the District Court's denial of his Motion to Suppress and to remand for grant of that Motion and further proceedings as appropriate.

Respectfully submitted,

/s/ Jennifer J Frese
Jennifer Frese Law
309 West Main Street
Marshalltown, Iowa 50158
Phone: 641-328-5234
jennifer@jfreselaw.com
ATTORNEY FOR APPELLANT,
BRUCE TERRELL SANFORD

## CERTIFICATE OF FILING AND SERVICE

      I certify that on August 10, 2023, I, Jennifer J Frese, attorney for Defendant-Appellant, Bruce Terrell Sanford, electronically filed the foregoing Brief with the Clerk of Court for the United States Court of Appeals for the Eighth Circuit using the CM/ECF system, which will send notice of all parties separately represented or proceeding pro se, including AUSA Adam Vander Stoep, counsel for the United States. I further certify that, after the electronic filing of the Brief is approved by the Clerk, I will submit ten paper copies of this Brief to the Clerk of Court and serve one paper copy upon each party separately represented or proceeding pro se.

                                                     /s/ Jennifer J Frese
                                                     Jennifer J Frese

## CERTIFICATE OF COMPLIANCE

      The undersigned counsel certifies that this Brief complies with the typevolume limitations of Fed. R. App. P. 32(a)(7)(B) because this Brief contains approximately 3735 words, excluding the parts of the Brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii). This Brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this Brief has been prepared in a proportionally spaced typeface using Microsoft Word 2002 in 14 point Georgia font. The electronic copy of the Brief filed has been scanned for viruses and is virus free.

                                                     /s/ Jennifer J. Frese
                                                   Jennifer J. Frese